# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JAMES E. JOHNSON, | ) Bankr. Case No. 09-015363 |
| | ) |
|    Debtor. | ) |
| | |
| JAMES ELBERT JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) MISC. ACTION 11-0028-WS |
| | ) |
| COUGAR OIL, INC., etc., | ) |
| | ) |
|    Defendant. | ) |

## ORDER

This adversary proceeding, which is pending before the United States Bankruptcy Court for the Southern District of Alabama, comes before the Court on the defendant's motion for leave to appeal the Bankruptcy Judge's denial of the defendant's motion for summary judgment. (Doc. 1). The parties have filed briefs in support of their respective positions, (*id*. at 12-18, 65-72), and the motion is ripe for resolution.

Appeal of an interlocutory order such as the one at issue here is not a matter of right but is subject to "leave of the court." 28 U.S.C. § 158(a)(3). The parties agree[1] that the appropriate standard for evaluating motions for leave to appeal such orders is the standard governing interlocutory appeals from the District Courts to the Courts of Appeal under 28 U.S.C. § 1292(b). Such appeals require that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that

---

[1] (Doc. 1 at 65, 70-71).

[1]

"an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*[2]

The Bankruptcy Judge's order denying the defendant's motion for summary judgment, and his order denying the defendant's motion to alter or amend that order, do not set forth in detail the basis of his rulings. (Doc. 1 at 59, 62). His order denying the defendant's motion for certification, however, states that summary judgment was denied "'due to the existence of genuine issues of material fact.'" (Doc. 1 at 16).[3] This is critical, because "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact …." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). The defendant appears to question the existence of a genuine issue of material fact, (*id*. at 16-17 & 17 n.3),[4] but it does not how explain how the Court can ignore, for purposes of Section 158(a)(3), the Bankruptcy Judge's conclusion that there are such issues.

For the reasons set forth above, the defendant's motion for leave to appeal is **denied**.

DONE and ORDERED this 14th day of November, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This standard has been applied routinely. *See, e.g., In re: Fairfield Sentry Ltd. Litigation*, 2011 WL 4359937 at *2 (S.D.N.Y. 2011); *In re: Hayes*, 453 B.R. 270, 274 (E.D. Mich. 2011); *In re: Prosser*, 2011 WL 2181619 at *2 (D.V.I. 2011); *In re: AE Liquidation, Inc*., 451 B.R. 343, 346 (D. Del. 2011); *In re: Protron Digital Corp*., 2011 WL 1585564 at *4 (C.D. Cal. 2011); *In re: CES Environmental Services, Inc.*, 2011 WL 1237939 at *2 (S.D. Tex. 2011); *In re: Santiago*, 2011 WL 1257209 at *2 (N.D. Ohio 2011); *In re: Alma Energy, LLC*, 2011 WL 482875 at *4 (E.D. Ky. 2011); *In re: Nazarov*, 2011 WL 9393 at *2 (W.D. Wash. 2011).

[3] The defendant has not included this order in its submission to the Court, but it has quoted from it.

[4] The Court cannot evaluate even generally the accuracy of the defendant's position, since the defendant does not submit the filings on which its position depends.